# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**OZEA PETERS**                                                                                         **Plaintiff**

**vs.**                                                                                   **Civil Action No. 1:06CV157**

**CUMULUS FIBERS, INC.**                                                       **Defendant**

<u>ORDER</u>

This cause comes before the court on the motion of defendant Cumulus Fibers, Inc. ("CFI") for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Ozea Peters has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is a race and sex discrimination case arising out of plaintiff's termination from his employment at CFI's plant located in Pontotoc. Plaintiff began working for CFI as a temporary worker in 1999, and, by 2005, he had advanced to the position of second shift supervisor. On December 1, 2005, plaintiff learned that a female co-worker of his, Christy Westfall, had made sexual harassment allegations against him. CFI assigned Human Resources Manager Richard Pate to investigate these allegations, and Pate interviewed several employees regarding the alleged harassment. At least two of the employees corroborated Westfall's allegations, and, on December 8, 2005, CFI informed plaintiff that he was being terminated. Feeling aggrieved, plaintiff filed suit in this court on May 15, 2006, alleging that he was fired based on his race and/or sex, in contravention of Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. 1981.

Defendant has moved for summary judgment, contending that no genuine issue of fact exists regarding plaintiff's claims and that it is entitled to judgment as a matter of law. Plaintiff offers no direct proof of discrimination in this case, instead seeking to prove his case circumstantially based on the standards set forth by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under the *McDonnell Douglas* standard, plaintiff must first establish a *prima facie* case of discrimination by establishing that he was (1) a member of a protected group; (2) qualified for the position he held; (3) discharged from the position; and (4) either replaced by someone outside the protected group or treated less favorably than employees not in the protected group. *See Pratt v. City of Houston*, 247 F.3d 601, 606 (5th Cir. 2001); *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995). If plaintiff is successful in establishing a *prima facie* case of discrimination, then the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for its actions. If the defendant can articulate a reason that, if believed, would support a finding that the action was nondiscriminatory, then the inference of discrimination created by the plaintiff's *prima facie* case disappears and the factfinder must decide the ultimate question of whether the plaintiff has proven intentional discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511-12, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).[1]

---

[1]The Fifth Circuit has recently modified the *McDonnell Douglas* formulation to permit proof that discrimination was one motivating factor among others for an adverse employment action. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305 (5th Cir. 2004). However, it appears to be incumbent upon a plaintiff to actually raise mixed-motive arguments in order to have them considered at the summary judgment stage. *See Strong v. University HealthCare System, L.L.C.*, 482 F.3d 802, 805 (5th Cir. 2007)(applying "but for" causation standard on summary judgment in a retaliation case where plaintiff had relied solely on a "pretext" theory), *see also Septimus v. University of Houston*, 399 F.3d 601, 607 n.7 (5th Cir. 2005). In this case, plaintiff appears to rely solely on a "pretext" theory, but, even assuming that the mixed-motive option is available to

Even assuming, *arguendo*, that plaintiff is able to establish a *prima facie* case of discrimination in this case, the court nevertheless concludes that he has failed to demonstrate that CFI's stated non-discriminatory reason for terminating him, i.e., the sexual harassment allegations against him, was a pretext for discrimination. In *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 134, 120 S. Ct. 2097, 2101, 147 L. Ed. 2 105 (2000), the U.S. Supreme Court held that it is ordinarily sufficient for a plaintiff to demonstrate that an employer's stated reason was false, in order to permit a jury to find that discrimination was the true reason for the plaintiff's termination. The Supreme Court noted in *Reeves,* however, that:

> [s]uch a showing by the plaintiff will not always be adequate to sustain a jury's liability finding. Certainly there will be instances where, although the plaintiff has established a *prima facie* case and introduced sufficient evidence to reject the employer's explanation, no rational factfinder could conclude that discrimination had occurred.

*Reeves*, 530 U.S. at 134, 120 S. Ct. at 2101.

In the court's view, even if it were to assume that plaintiff could prove his *prima facie* case of race or sex discrimination, no rational factfinder could conclude that he was fired in this case because of his race or sex. Plaintiff does appear to have developed certain theories as to how and why he was discriminated against, but these theories are supported by nothing more than vague innuendo, hearsay and/or the plaintiff's own deposition testimony regarding his subjective perceptions of discrimination. For example, plaintiff suggests that an inference of discrimination can be made from the fact that, according to him, white CFI employees Gary Welch and Bill Kinsey "were accused of sexual harassment and did not receive termination as a

---

him, the court concludes that this would not alter the result in this case, given plaintiff's lack of evidence to support his claims.

result." Plaintiff submits that, by contrast, he and another black employee- Anthony Cummings - were terminated after allegations of sexual harassment were raised against them.

In support of this argument, plaintiff offers only his deposition testimony regarding these alleged reports of sexual harassment, and this testimony makes it clear that he lacks substantial personal knowledge of the circumstances surrounding any sexual harassment complaints against other employees. For example, when asked in his deposition whether Gary Welch had been accused of sexual harassment, plaintiff responded "yes, that's what they say." While the court agrees that evidence that CFI handled complaints of sexual harassment against white employees differently than it handled complaints of harassment against black employees might well support a claim of discrimination, it is clearly incumbent upon plaintiff to submit <u>actual evidence</u> describing the circumstances of the complaints levied against his former co-workers. Clearly, the mere fact that accusations of sexual harassment might have been raised against white employees does not indicate that such accusations had merit or were grounds for termination. In this case, plaintiff's vague testimony based on hearsay is insufficient to even establish that accusations of harassment were made against white employees, much less that CFI treated such accusations differently based upon the race of the accused employee. For its part, CFI maintains that, contrary to plaintiff's testimony, no sexual harassment allegations involving white employees were reported to CFI's management during the last five years. CFI also notes that, according to plaintiff's own testimony, accusations of sexual harassment were made against Walter Hampton, an African-American supervisor at CFI, and that Hampton was not terminated.

In support of its decision to terminate plaintiff, CFI has submitted a hand-written statement signed by Christy Westfall, dated December 1, 2005, in which she levels the following

4

accusations against plaintiff:

> Ever since I have started here I have been sexually harassed by Ozea. On several occasions he has commented on what I was wearing, he asks very unnecessary questions about my underwear, my clothes and makes rude comments about my body. It has went as far as him grabbing my hips and I quote telling me to "back that ass up," pulling me towards him at the same time. It has become [sic] to the point where I truly despise and begin to get nauseated when he comes toward me, scared of what he is going to say or do.

CFI has also produced notes taken by its human resources manager Pate in the process of investigating the accusations against plaintiff, and these notes support defendant's argument that it terminated plaintiff on the basis of the harassment accusations.[2] According to Pate's notes, Cummings confirmed that he heard plaintiff ask Westfall about her underwear and that plaintiff had made crude requests of Westfall such as "would she sit on his face" or "could he get some of that?" Pate's notes also indicate that John Westfall, the ex-husband of Christy Westfall, confirmed in an interview that he had heard plaintiff make comments about Christy's underwear.

Plaintiff seeks to rebut this evidence by testifying that John Westfall approached him and stated that he had "nothing to do" with his termination. This "evidence," even assuming it qualifies as a non-hearsay admission by a party opponent, is flimsy at best. There are well-established evidentiary means for rebutting a defendant's stated non-discriminatory reason for an adverse employment action, and plaintiff has failed to utilize any of them. For example, plaintiff might have offered deposition testimony or sworn affidavits from John Westfall and/or Anthony

---

[2]These notes are arguably hearsay themselves, and this court must therefore be careful not to consider them for the truth of the matter asserted. The court nevertheless views the notes as having some relevance since the relevant issue in the present context is not whether plaintiff actually sexually harassed Westfall, but, rather, whether CFI terminated plaintiff based on a belief that he had done so. In the court's view, Pate's notes are admissible as to CFI's *beliefs* regarding plaintiff's actions, even if they are not admissible for the purpose of determining whether sexual harassment actually occurred

Cummings denying that they had made the incriminating statements in question. Plaintiff instead offers his own account of a single vague and unsworn remark from Westfall which, even assuming it was made as plaintiff testified, is susceptible to many different interpretations. At one point, plaintiff goes so far as to suggest that CFI "fabricated" John Westfall's statement to Pate, based solely upon Westfall's vague remark to him, but this accusation merely serves to highlight the over-reaching and factually unsupported nature of plaintiff's allegations in this case.

The court would hasten to add that it makes no finding, express or implied, regarding the merits of the underlying sexual harassment allegations against plaintiff. Plaintiff notes that he had complained to CFI management about Christy Westfall's job performance, and he suggests that Westfall might have made up the allegations of sexual harassment to protect her own job. Plaintiff also uses his recollection of John Westfall's vague statement to him to further support his claim that he was the victim of baseless charges. The court makes no observations regarding plaintiff's suggestion that he was wrongly accused of sexual harassment, since the validity of these accusations is not before the court. The issue before the court is, instead, whether plaintiff has created triable fact issues regarding whether he was fired based on his race or sex, and he has clearly failed to do so.

The mere fact that plaintiff happens to be an African-American male, along with his vague "evidence" contesting the sexual harassment allegations against him, by no means serves to create fact issues regarding whether CFI management terminated him on the basis of his race or sex. Even assuming, *arguendo*, that Christy Westfall falsely accused plaintiff of sexual harassment, this would not mean that race or sex discrimination was even a motivating factor for plaintiff's termination by CFI management. Indeed, CFI investigated Westfall's allegations,

6

which were clearly of a serious nature, and plaintiff presents no evidence suggesting that CFI was aware that the accusations against him were baseless (assuming, *arguendo*, that they were). The closest plaintiff comes to producing proof of any discriminatory intent by CFI is his suggestion that white employees accused of sexual harassment were treated differently than black employees, but, to reiterate, he offers no actual evidence establishing the circumstances of those allegations, or even that they were made at all.

In the absence of actual proof, plaintiff repeatedly cites, as a mantra of sorts, the Supreme Court's holding in *Reeves* that establishing that an employer's stated-non-discriminatory reason is pretextual is sufficient to survive summary judgment, with no additional proof of discrimination required. While this is no doubt true, the court concludes that plaintiff's evidence is insufficient to establish fact issues that discrimination was even a motivating factor for his termination, much less that CFI's stated reason for terminating him was pretextual. Clearly, the holding in *Reeves* does not excuse a plaintiff's use of vague innuendo and/or hearsay in the place of the actual evidence which the discovery process is designed to produce. It is arguable that plaintiff's personal perceptions regarding discrimination were sufficient for him to file a lawsuit, but it seems clear that he has done very little since filing this lawsuit to develop actual evidence in support of his claims. The Fifth Circuit has noted that, the Supreme Court's admonition in *Reeves* notwithstanding, "discrimination suits still require evidence of discrimination," *see Rubinstein v. Administrators of the Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000), and plaintiff has produced no evidence of discrimination in this case. In light of the foregoing, the court concludes that plaintiff's claims are due to be dismissed.

It is therefore ORDERED that defendant's motion for summary judgment is granted. A separate judgment will be issued this date, in accordance with Fed. R. Civ. P. 58.

SO ORDERED, this the 18th day of July, 2007.

        /s/ Michael P. Mills
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**